IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY RONALD DORSEY, # 187732, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv763-MHT |
| ) | (WO) |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Timothy Ronald Dorsey on September 7, 2016. Doc. 1.[1]

### I.   BACKGROUND AND PROCEDURAL HISTORY

On January 28, 2015, a Montgomery County jury found Dorsey guilty of domestic violence in the first degree, in violation of § 13A-6-130, Ala. Code 1975. Doc. 19-1 at 49; Doc. No. 19-3 at 105. The State's evidence showed that Dorsey choked his girlfriend and severely beat her with, among other things, a long metal rod used as a door stopper, resulting in her hospitalization for four days. *See* Doc. 19-1 at 9; Doc. 19-3 at 24–37 & 59–64. On March 10, 2015, the trial court sentenced Dorsey as a habitual offender with three prior felony convictions to life imprisonment. Doc. 19-3 at 108–13.

---

[1] References to "Doc(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

Dorsey appealed, arguing there was insufficient evidence to support his conviction. Doc. 19-5.  On August 7, 2015, the Alabama Court of Criminal Appeals affirmed Dorsey's conviction and sentence by unpublished memorandum opinion.  Doc. 19-7.  Dorsey applied for rehearing, which was overruled.  Docs. 19-8 & 19-9.  On October 16, 2015, the Alabama Supreme Court denied Dorsey's petition for writ of certiorari.  Docs. 19-10 & 19-11.

On December 31, 2015, Dorsey filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. 19-12.  Dorsey raised claims of ineffective assistance of counsel, alleging that his trial counsel was ineffective for failing to object to (1) the trial court's failure to swear the jury venire before voir dire; (2) the State's use of alleged hearsay evidence offered through forensic scientist Teryn Bostick; and (3) the State's failure to prove beyond a reasonable doubt the prior convictions used to enhance his sentence as a habitual felony offender.  *Id*.

After receiving the State's response, the trial court summarily denied Dorsey's Rule 32 petition on May 11, 2016, finding that Dorsey failed to meet his burden of showing ineffective assistance of counsel.  Docs. 19-14 & 19-15.  Dorsey did not appeal from the trial court's judgment.  A copy of the trial court's order was mailed to Dorsey at the Easterling Correctional Facility but was returned to the circuit clerk as undeliverable.[2]  Doc. 19-16.

---

[2] On November 1, 2016, over a month after he initiated the instant § 2254 action, Dorsey filed a second Rule 32 petition in the trial court, this one seeking an out-of-time appeal from the judgment denying his first Rule 32 petition.  Doc. 19-18.  Dorsey maintained that he failed to appeal from that judgment through

(continued…)

On September 7, 2016, Dorsey initiated this habeas action by filing a § 2254 petition reasserting his claims, raised in his December 31, 2015 Rule 32 petition, that his trial counsel was ineffective for failing to object to:

(1) the trial court's failure to swear the jury venire before voir dire;

(2) the State's use of alleged hearsay evidence offered through forensic scientist Teryn Bostick; and

(3) the State's failure to prove beyond a reasonable doubt the prior convictions used to enhance his sentence as a habitual felony offender.

Doc. 1 at 16–24.

The Respondents argue that Dorsey's claims are procedurally defaulted because he failed to exhaust them in the state courts by litigating them through a complete round of Alabama's appellate review process.[3]  Doc. No. 19 at 6–13.  Dorsey appears to assert as

---

no fault of his own because he did not receive timely notice of the judgment from the circuit court clerk. *Id*. at 14–21.  The Rule 32 petition was accompanied by an application to proceed *in forma pauperis* ("IFP") and a certified prison account statement.  *Id*. at 1–3.  On November 2, 2016, the trial court denied Dorsey's IFP application and ordered that his Rule 32 petition be denied.  Doc. 19-19.  Dorsey did not pay the filing fee or appeal the trial court's judgment.  Instead, he filed a petition for writ of mandamus with the Alabama Supreme Court seeking to avoid the Rule 32 filing fee.  The petition for writ of mandamus was denied on June 1, 2017.  Doc. 9-1.

[3] Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40.  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).  Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996).  A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting

(continued…)

"cause" excusing his procedural default the state circuit clerk's failure to provide him with timely notice of the trial court's judgment denying his December 31, 2015 Rule 32 petition. Doc. 23 at 5–6. He appears also to argue, as additional cause excusing his procedural default, that the trial court improperly prevented him from litigating his Rule 32 claims when it denied the IFP application he filed with his November 1, 2016 Rule 32 petition seeking an out-of-time appeal from the denial of his December 31, 2015 Rule 32 petition. *Id*. at 6.

This court finds it is unnecessary to address the issue of the procedural bar here, because even assuming Dorsey's claims are preserved, the trial court's merits ruling denying the ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Therefore, Dorsey is not entitled to habeas relief.

## II.  DISCUSSION

### A.  AEDPA Standard of Review

To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

---

prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488.

(continued…)

Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."[4] 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015) (citation omitted) (alteration in original). A state court's determination of a factual issue is "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     *Strickland* Standard on Ineffective Assistance of Counsel**

---

[4] A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams,* 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or … could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

A claim of ineffective assistance of counsel is evaluated against the two-part test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandle*r, 218 F.3d at 1314 (internal quotation marks omitted).  The court will avoid second-guessing counsel's performance.  *Id*.  The prejudice prong, moreover, does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland,* 466 U.S. at 687.  Once a court decides that one of the required showings has not been made, it need not decide whether the other one has been. *Id.* at 697.

**C.    Dorsey's Ineffective Assistance of Counsel Claims**

  **1.    *Trial Court's Failure to Swear Jury Venire***

Dorsey contends, as he did in his December 31, 2015 Rule 32 petition, that his trial counsel rendered ineffective assistance by failing to object to the trial court's alleged failure

6

to swear the jury venire by administering an oath requiring them to answer voir dire questions truthfully.⁵  Doc. 1 at 16–18; *see* Doc. No. 19-12 at 11–14.

To obtain habeas relief on this claim, Dorsey must establish there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  That is, Dorsey "must show that the deficient performance [of counsel] prejudiced his defense.  This requires showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id*. at 687.

The record is silent as to the swearing of the jury venire, although it reflects that the jurors who were seated and rendered a verdict in Dorsey's case were sworn by the trial court prior to the presentation of evidence.  Doc. 19-3 at 19.  Dorsey fails to show how he was prejudiced by his trial counsel's failure to object to the trial court's alleged failure to swear the jury venire.  Dorsey does not allege, much less establish, that an unsworn juror somehow affected the outcome of his trial.  *See Lynch v. Thomas*, 2014 WL 5113623, at *1 (M.D. Ala. 2014) ("Lynch merely alleges that the venire seated for his trial was not properly sworn immediately prior to voir dire to answer truthfully.  He does not allege or show that any member of the venire actually provided false information or that any member of the petit jury, which was administered the oath prior to the beginning of Lynch's trial, provided false information during the qualification process or that the outcome of his trial would have been different had some other juror been on the petit jury.  Thus, he has not

---

⁵ Alabama Rule of Criminal Procedure 12.1(c) sets forth the form of oath for prospective jurors.

established the prejudice element of *Strickland* with respect to this claim of ineffective assistance of trial counsel."); *Griffin v. Sec'y, Dep't of Corr.,* 2016 WL 5146611, at *17 (M.D. Fla. 2016) (footnote omitted) ("Griffin makes no specific argument, and presents no evidence, that any [unsworn] juror selected for his case was biased or provided untruthful answers during *voir dire*. Instead, he makes speculative assertions based upon the experience or profession of these jurors or their family members. Such speculation cannot sustain Griffins ineffective assistance of counsel claim."); *Green v. Crosby*, 2004 WL 5136978, at *4 (S.D. Fla. 2004) (footnote omitted) (Habeas petitioner failed to make "a *prima facie* showing that the [alleged failure to swear venire] resulted in the deprivation of a fundamentally fair trial. In other words, there is no indication in the record whatever that any member of the venire gave untruthful answers during questioning, or that [the petitioner] would likely have prevailed at trial with a different jury."). *See also Barnett v. Daniels*, 2017 WL 3611726, at *7 (M.D. Ala.), report and recommendation adopted, 2017 WL 3611758 (M.D. Ala. 2017); *Lamar v. Hetzel*, 2014 WL 2569030, at *35 (S.D. Ala. 2014).

The Supreme Court in *Strickland* stated, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697. Here, Dorsey fails to satisfy the prejudice prong of the *Strickland* standard. He neither shows nor even alleges that an unsworn juror affected the outcome of his trial. The state court decision denying Dorsey relief on this claim was neither contrary to, nor an unreasonable application of, clearly

established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Therefore, Dorsey is not entitled to federal habeas relief on this claim.

### 2. *Hearsay Evidence Offered Through Forensic Scientist*

Dorsey contends, as he did in his December 31, 2015 Rule 32 petition, that his trial counsel rendered ineffective assistance by failing to object to the State's use of alleged hearsay evidence offered through forensic scientist Teryn Bostick, whose testimony Dorsey says was admitted in violation of his rights under the Confrontation Clause of the Sixth Amendment.[6] Doc. 1 at 19–21; *see* Doc. No. 19-12 at 15–18.

At trial, Bostick, a forensic scientist with the Alabama Department of Forensic Sciences who was tendered as an expert in blood and DNA analysis, testified that blood stains found on the metal door stopper alleged to have been used by Dorsey in his attack on the victim were determined to match the victim's DNA. Doc. No. 19-3 at 62. Bostick testified in detail regarding her receipt of the metal door stopper at the Department's lab, the subsequent DNA testing of the blood stains found on this item, and the protocols followed by the lab in performing the DNA testing. *Id*. at 57–64. Bostic stated that a second forensic scientist, Kristi Maturi, performed the actual screening of the item of evidence, while she (Bostick) generated the report based on the test results. *Id*. at 57 & 62–63. The report generated by Bostick was admitted into evidence. *Id*. at 63.

Dorsey identifies no example of improper hearsay evidence allegedly introduced through Bostick's testimony, and this court's review of the record also reveals no

---

[6] The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

improperly admitted evidence. The record indicates that Bostick analyzed the DNA evidence admitted at trial. The entire scope of her testimony was as an expert in DNA analysis, and her testimony pertained to her scientific findings, which were not hearsay. The Confrontation Clause does not require an expert to have performed the actual lab work to permissibly testify regarding conclusions he or she has drawn from the results of that lab work. An appropriately credentialed individual may give expert testimony on the significance of lab work performed by another analyst. *Williams v. Illinois*, 567 U.S. 50, 66–71 (2012); *see United States v. Washington*, 498 F.3d 225, 232 (4th Cir. 2007) (determining that laboratory test results are not testimonial); *United States v. Moon*, 512 F.3d 359, 362 (7th Cir. 2008) (holding the data regarding DNA evidence is not testimonial: "A physician may order a blood test for a patient and infer from the levels of sugar and insulin that the patient has diabetes. The physician's diagnosis is testimonial, but the lab's raw results are not, because data are not 'statements' in any useful sense.").

Dorsey fails to show deficient performance in his counsel's failure to object to Bostick's testimony on hearsay/Confrontation Clause grounds, and he further fails to demonstrate resulting prejudice. The state court decision denying Dorsey relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, i.e., *Strickland*. 28 U.S.C. § 2254(d)(1). Therefore, Dorsey is entitled to no relief on this claim of ineffective assistance of counsel.

### 3. *Proof of Prior Convictions*

Dorsey contends, as he did in his December 31, 2015 Rule 32 petition, that his trial counsel was ineffective for failing to object to the State's failure to prove beyond a

reasonable doubt the prior convictions used to enhance his sentence as a habitual felony offender.  Doc. 1 at 21–23; *see* Doc. No. 19-12 at 18–21.

The trial court sentenced Dorsey to life in prison under Alabama's Habitual Felony Offender Act ("HFOA") upon finding Dorsey had three prior felony convictions.  *See* Doc. 19-3 at 108–13.  Before sentencing, a presentence report was generated reflecting that Dorsey had three prior Class C felony convictions.  *Id*. at 108.  Dorsey's counsel did not object to the use of any of these prior convictions to enhance Dorsey's sentence under the HFOA.

Dorsey does not allege that any of his prior felony convictions were invalid, and he fails to set forth any argument why any of those convictions could not be used to enhance his sentence under the HFOA—in other words, he fails to assert on what grounds his trial counsel should have challenged the use of his prior convictions to enhance his sentence.  Consequently, he has not shown deficient performance in his counsel's failure to challenge the use of his prior convictions to enhance his sentence, and he also fails to demonstrate any resulting prejudice.  The state court decision denying Dorsey relief on this claim was neither contrary to nor an unreasonable application of *Strickland*, and Dorsey is entitled to no relief on this claim.

**D.     Constitutionality of AEDPA**

In an amendment to his petition filed on June 26, 2017, Dorsey asserts that AEDPA unconstitutionally deprives him of his right to habeas corpus review because it requires that he demonstrate his actual innocence to avoid the application of procedural bars to his claims of ineffective assistance counsel.  Doc. 13 at 3–6.

11

Dorsey's argument amounts to a Suspension Clause challenge to AEDPA. Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)).

Dorsey's argument notwithstanding, this court has not applied a procedural bar to Dorsey's ineffective assistance claims, but has instead reviewed those claims on the merits. Further, Dorsey can cite no case holding that the application of procedural bars under AEDPA (or under the Supreme Court's habeas jurisprudence) violates the Suspension Clause. Moreover, the Eleventh Circuit has recognized—contrary to Dorsey's present argument—that the existence of the actual innocence exception, where proof of actual innocence may serve as a gateway to review of otherwise procedurally defaulted claims, operates to overcome any as-applied Suspension Clause challenge to the provisions of AEDPA. *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217–19 (11th Cir. 2000) (specifically discussing the one-year limitation period in 28 U.S.C. § 2244(d)(1)). Therefore, Dorsey's Suspension Clause challenge to AEDPA entitles him to no relief.[7]

---

[7] To establish a credible claim of actual innocence, a petitioner must support his claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Dorsey

(continued…)

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before **October 4, 2018**, the petitioner may file objections to the Recommendation. The petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 21st day of September, 2018.

---

does not offer any new reliable evidence of his factual innocence. He does not even assert that he is factually innocent, but instead asserts that he is "legally innocent." Doc. 13 at 5. But actual innocence means factual innocence, not legal innocence. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *McKay v. United States*, 657 F.3d 1190, 1197–99 (11th Cir. 2011*); Long v. Peterson*, 291 F. App'x 209, 213 (10th Cir. 2008). Dorsey bases his claim of legal innocence on assertions of ineffective assistance of counsel and trial error. Such allegations cannot sustain a claim of actual innocence.

13

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge